**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY DAVID, Individually and on behalf of all others similarly situated, | Case No. 1:24-cv-00517-AMD-MMH |
| Plaintiff, | |
| v. | |
| BRITISH AMERICAN TOBACCO P.L.C., JACK MARIE HENRY DAVID BOWLES, TADEU MARROCO, and JAVED IQBAL, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEAN TRAUTMANN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Dean Trautmann ("Trautmann"), submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Trautmann as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Trautmann's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities who purchased or otherwise acquired the publicly traded British American Tobacco p.l.c. ("BAT" or the "Company") securities between February 9, 2023 and December 6, 2023, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Trautmann is the "most adequate plaintiff" as defined by the PSLRA.

Trautmann believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Trautmann satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff

1

provision, Trautmann respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Trautmann's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND[1]

BAT is a multi-national tobacco company that sells cigarettes (which the Company refers to in its filings as "combustibles" or "sticks", for individual cigarettes) and other tobacco-related products, such as vaping products, chewing tobacco, snus, and heated tobacco products.

In January 2017, BAT, which already had a 42% stake in Reynolds American Inc. ("Reynolds"), took over the remaining interest in Reynolds for $49.4 billion dollars, valuing Reynolds at around $86 billion. This resulted in Reynolds becoming a BAT subsidiary. In doing so, BAT took control of the Camel, Newport, and Natural American Spirit cigarette brands (the "Premium American Cigarette Brands" or the "Brands"), among others, which are considered to be premium cigarettes.

The complaint filed in this action alleges that, throughout the Class Period, the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects, including that: (1) British American Tobacco materially understated the risks and potential likelihood of an impairment to its Premium American Cigarette Brands as a result of various longstanding headwinds and; (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

---

[1] This section is adapted from the complaint filed in this action (Dkt. No. 1).

On December 6, 2023, BAT disclosed that it would take an impairment charge of approximately $31.5 billion after reassessing the value of certain cigarette brands. The Company stated that it had been affected by inflation-weary customers in the U.S. downgrading to cheaper brands.

On this news, BAT's stock price fell $2.68, or 8.5%, to close at $28.86 per American Depositary Receipts ("ADR") on December 6, 2023, thereby injuring investors.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, Trautmann and other members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Trautmann Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Trautmann satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Trautmann has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Trautmann is not aware of any unique defenses the Defendants could raise against his that would render his inadequate to represent the class. Accordingly, Trautmann respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Trautmann Filed a Timely Motion

Trautmann has made a timely motion in response to a PSLRA early notice. On January 24, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Dean Trautmann's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Trautmann had sixty days (*i.e.*, until March 25, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of BAT securities during the Class Period, Trautmann is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Trautmann attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Trautmann satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Trautmann Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Trautmann believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Trautmann purchased BAT securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of $9,452.42. *See* Linkh Decl., Ex. C. To the best of his knowledge, Trautmann is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest and is otherwise adequate. As such, Trautmann believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Trautmann Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)       Trautmann's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Trautmann's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Trautmann alleges that the Defendants' material misstatements and omissions concerning BAT's business, operations, and financial prospects violated the federal securities laws. Trautmann, like all members of the class, purchased BAT securities in reliance on the Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Trautmann's interests and claims are "typical" of the interests and claims of the class.

### b) Trautmann Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Trautmann has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Trautmann resides in La Cañada Flintridge, California, and has managed his own investments for approximately 7 years. Trautmann has a dual MBA in Marketing, and Finance from Boston University. Trautmann is moreover not aware of any conflict between his claims and those of the class. As such, Trautmann is adequate to represent the class and should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Trautmann has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Dean Trautmann respectfully requests that the Court grant his Motion and enter an Order (1) appointing Trautmann as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: March 25, 2024                **GLANCY PRONGAY & MURRAY LLP**

By:   /s/ Gregory B. Linkh
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Dean Trautmann and Proposed Lead Counsel for the Class*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 25, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 25, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh