UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

GARY DAVID, Individually and on Behalf of  :   Civil Action No. 1:24-cv-00517-AMD-MMH
All Others Similarly Situated,                        :
                                                                      :   CLASS ACTION
                                           Plaintiff,       :
                                                                      :   MEMORANDUM OF LAW IN SUPPORT
                                                                      :   OF MOTION FOR APPOINTMENT AS
            vs.                                                 :   LEAD PLAINTIFF AND APPROVAL OF
                                                                      :   LEAD PLAINTIFF'S SELECTION OF
BRITISH AMERICAN TOBACCO P.L.C.,    :   COUNSEL
JACK MARIE HENRY DAVID BOWLES,     :
TADEU MARROCO, and JAVED IQBAL,    :
                                                                      :
                                           Defendants.    :
                                                                      :
———————————————————— x

4860-3672-9007.v1

## I.   INTRODUCTION

The above-referenced action is brought on behalf of all persons and entities that purchased or otherwise acquired publicly traded British American Tobacco p.l.c. ("British American Tobacco" or the "Company") securities between February 9, 2023 and December 6, 2023, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Brett A. Doyle and Logix LLC (collectively, "Mr. Doyle") should be appointed lead plaintiff because they filed a timely motion, have a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Doyle's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   STATEMENT OF FACTS

British American Tobacco is a multi-national tobacco company. In January 2017, British American Tobacco took over Reynolds American Inc. (which it already had a 42% stake in) for $49.4 billion, valuing Reynolds at around $86 billion and resulting in Reynolds becoming a British American Tobacco subsidiary. ECF 1 at ¶8. In doing so, the Company took control of the Camel, Newport, and Natural American Spirit cigarette brands (the "Premium American Cigarette Brands"),

- 1 -

among others, which are considered premium cigarettes. *Id.* The complaint alleges that defendants, throughout the Class Period, made false and/or misleading statements and/or failed to disclose that British American Tobacco materially understated the risks and potential likelihood of an impairment to its Premium American Cigarette Brands.

On December 6, 2023, British American Tobacco announced that it was taking a £25 billion GBP (or around $31.5 billion USD) impairment on the cigarette brands it acquired from Reynolds in January 2017. *Id.* at ¶40. On this news, the price of British American Tobacco American Depositary Receipts fell nearly 9%, causing substantial damage to investors. *Id.* at ¶47.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, Mr. Doyle and other putative class members have suffered significant losses and damages.

## III. ARGUMENT

### A. Mr. Doyle Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on January 24, 2024. *See* Declaration of David A. Rosenfeld in

- 2 -

Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Doyle meets these requirements and should be appointed Lead Plaintiff.

### 1.     Mr. Doyle's Motion Is Timely

The January 24, 2024 statutory notice advised putative class members of the pendency of the action, the claims asserted, the Class Period, and the right to move the Court for appointment as lead plaintiff by March 25, 2024.  *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  Because this motion is timely filed by the statutory deadline, Mr. Doyle is eligible for appointment as lead plaintiff.

### 2.     Mr. Doyle Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certifications and loss chart, Mr. Doyle purchased 26,186 shares of British American Tobacco securities on the New York Stock Exchange and suffered significant losses of over $68,813 as a result of defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. Doyle meets the PSLRA's prerequisite of having the largest financial interest.

4860-3672-9007.v1

### 3.     Mr. Doyle Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "'In deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.'" *Barnette v. Arcimoto Inc.*, 2021 WL 2986397, at *1 (E.D.N.Y. July 15, 2021) (citation omitted). "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Teamsters Loc. Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019) (citation omitted). "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

Mr. Doyle satisfies the typicality requirement because, like all other class members, Mr. Doyle: (1) purchased British American Tobacco securities during the relevant time period; (2) was adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby. Mr. Doyle's substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Mr. Doyle's interests are aligned with the putative class. Mr. Doyle has amply demonstrated his adequacy by signing sworn Certifications and a Declaration stating that Doyle (individually and as sole owner and manager of Logix LLC) is willing to serve as, and to assume the responsibilities of, class representative. *See* Rosenfeld Decl., Exs. B, D. Finally, as explained below, Mr. Doyle has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

- 4 -

4860-3672-9007.v1

Because Mr. Doyle filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**B.      The Court Should Approve Mr. Doyle's Selection of Counsel**

The PSLRA provides that the most adequate plaintiff "'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Vanda*, 2019 WL 7287202, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). "'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Id.* (citation omitted). Here, Mr. Doyle has selected Robbins Geller to serve as lead counsel for the proposed class.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Vanda*, 2019 WL 7287202, at *4 (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities class action, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred

- 5 -

4860-3672-9007.v1

representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

In the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty Cap. Props.*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2]  And, while trials in shareholder class actions are rare, Robbins Geller

---

[2]     *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth*

has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving Mr. Doyle's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Mr. Doyle has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Doyle respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  March 25, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

---

*Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -