UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY DAVID, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BRITISH AMERICAN TOBACCO P.L.C., JACK MARIE HENRY DAVID BOWLES, TADEU MARROCO, and JAVED IQBAL,<br><br>    Defendants. | Case No.  1:24-cv-00517-AMD-MMH |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF JEAN LEE
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL;
AND (2) IN OPPOSITION TO COMPETING MOTIONS

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 4

    I.     THE COURT SHOULD APPOINT LEE AS LEAD PLAINTIFF ....................... 4

         A.     Lee Has the Largest Financial Interest of Any Competing Movant ........... 4

         B.     Lee Is Typical and Adequate Under Rule 23 ............................................. 6

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................................................................................... 10

    III.   THE COMPETING MOTIONS SHOULD BE DENIED ................................. 11

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
   17-CV-10085, 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...........................................4, 6, 10

*Baughman v. Pall Corp.*,
   250 F.R.D. 121 (E.D.N.Y. 2008) ...................................................................................2, 5

*Bosch v. Credit Suisse Grp. AG*,
   No. 22-CV-2477 (ENV), 2022 WL 4285377 (E.D.N.Y. Sept. 12, 2022) ...................................6

*Chahal v. Credit Suisse Grp. AG*,
   No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................5

*Darish v. N. Dynasty Mins. Ltd.*,
   No. 20-CV-5917 (ENV), 2021 WL 1026567 (E.D.N.Y. Mar. 17, 2021)................................6

*Dookeran v. Xunlei Ltd.*,
   Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)........................3, 7

*Faris v. Longtop Fin. Techs. Ltd.*,
   No. 11 CIV. 3658 SAS, 2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011)......................................6

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................3, 5, 7

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ......................2, 4

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ...................................................................................2, 5

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ......................................................................................10

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................2, 4

*In re Orion Sec. Litig.*,
   No. 08 CIV. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ............................2, 6, 7

*In re Spero Therapeutics, Inc. Sec. Litig.*,
   No. 22CV3125LDHRLM, 2022 WL 4329471 (E.D.N.Y. Sept. 19, 2022) ..............................9

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 112 (S.D.N.Y. 2010) ................................................................3, 6, 7

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ................................................................4, 6, 10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ..................................................................10

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015)................................................................7, 8, 9

*Lax v. First Merchants Acceptance Corp.*,
    Nos. 97 C 2715 *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............................... *passim*

*Niederklein v. PCS Edventures!.com, Inc.*,
    No. 1:10–CV–00479, 2011 WL 759553 (D. Idaho Feb. 24, 2011) ...........................................9

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................5

*Reitan v. China Mobile Games & Ent. Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014).................................................................8, 9

*Sgalambo v. McKenzie*,
    268 F.R.D. 170 (S.D.N.Y. 2010) ......................................................................6

*Siegel v. Bos. Beer Co., Inc.*,
    No. 21-CV-7693 (VSB), 2021 WL 5909133 (S.D.N.Y. Dec. 14, 2021).................................9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................10

**Statutes**

15 U.S.C. § 78u-4 .............................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................. *passim*

Lead Plaintiff Movant Lee[1] respectfully submits this memorandum of law in further support of her motion for appointment as Lead Plaintiff and approval of her selection of Pomerantz as Lead Counsel (Dkt. No. 18); and in opposition to the competing motions of: (i) Dean Trautmann ("Trautmann") (Dkt. No. 9); and (ii) Brett A. Doyle and Logix LLC (collectively, "Doyle") (Dkt. No. 14).[2]

**PRELIMINARY STATEMENT**

This Action is a putative class action securities fraud lawsuit on behalf of investors in BAT securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant with the greatest financial interest in the outcome of the Action; and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Lee, who incurred a loss of approximately $170,200 in connection with her Class Period purchases of BAT securities. *See* Dkt. No. 18-4. Although the PSLRA does not define "financial interest," courts in the Second Circuit, including this District, routinely assess the financial interest of lead plaintiff movants by examining the so-called *Lax* factors, first articulated in the seminal decision in *Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as

---

[1] All capitalized terms herein are defined in Lee's moving brief, unless otherwise indicated. *See* Dkt. No. 18-2.

[2] Initially, two other competing motions were filed—one by putative Class member Brian Peters ("Peters") (Dkt. No. 6), and another by Lee through different counsel (Dkt. No. 12). On March 28, 2024, the duplicative motion filed on Lee's behalf was withdrawn. *See* Dkt. No. 21. Also on March 28, 2024, Peters filed a notice of his non-opposition to the competing motions, stating that "he does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA." Dkt. No. 22 at 2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)).

1

"retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007). Of the *Lax* factors, courts in the Second Circuit, including this District specifically, recognize that the amount of financial loss is the most significant factor to be considered. *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125-26 (E.D.N.Y. 2008). The table below sets forth the respective financial interests of the competing movants:

| Movant | Shares Purchased | Shares Retained | Funds Expended | Loss |
|---|---|---|---|---|
| Lee | 109,702 | 37,201 | $3,854,314 | $170,200 |
| Doyle | 26,186 | 23,850 | $852,835 | $68,814 |
| Trautmann | 2,150 | 2,150 | $73,591 | $9,452 |

As the above table reflects, Lee's loss ($170,200) is more than *twice* as large as those claimed by both competing movants ($78,266) *combined* and more than *$100,000* larger than that claimed by Doyle ($68,814), the movant alleging the second-largest loss. Lee also leads with respect to every other *Lax* factor, having purchased more shares (109,702), retained more shares (37,201), and expended more funds ($3,854,314) than Doyle and Trautmann *combined*. Accordingly, among the competing movants, Lee clearly possesses the greatest financial interest in the outcome of this litigation under any relevant metric, thus satisfying the first of the PSLRA's statutory criteria for appointment as lead plaintiff.

In addition to claiming the largest financial interest in this Action, Lee strongly satisfies Rule 23's typicality and adequacy requirements. Lee's claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Orion Sec. Litig.*, No. 08 CIV. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008);

2

*Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010). In addition, Lee's significant financial interest gives her a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, she is aware of no conflict between her interests and those of the Class, and, as discussed in greater detail below, she has selected counsel highly capable and experienced in prosecuting securities fraud cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348, at *2-3 (S.D.N.Y. Apr. 12, 2018).

Lee has further demonstrated her adequacy by submitting with her initial motion papers a detailed Declaration, attesting to, *inter alia*, her background, her understanding of this litigation generally and the significance of her motion specifically, her understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA, her communications with counsel prior to the filing of her motion, including her participation in a call to discuss this litigation, and her readiness to shoulder the responsibilities of a lead plaintiff under the PSLRA, including by overseeing the efforts of counsel. *See* Dkt. No. 18-7 ¶¶ 1-7, 9-11. Lee has also submitted herewith a Supplemental Declaration in further support of her motion, explaining, *inter alia*, the circumstances under which two motions were filed on her behalf for appointment as Lead Plaintiff, her selection and retention of Pomerantz as her proposed Lead Counsel in this Action, and the withdrawal of the duplicative motion filed on her behalf. *See* Declaration of Jeremy A. Lieberman in Further Support of Motion and in Opposition to Competing Motions ("Lieberman Opp. Decl."), Exhibit ("Ex.") A ¶¶ 2-5, 7.

Accordingly, for the reasons set forth herein, Lee respectfully submits that the Court should grant her motion in its entirety and deny the competing motions of Trautmann and Doyle.

**ARGUMENT**

**I.     THE COURT SHOULD APPOINT LEE AS LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-4 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representative is Lee.

**A.     Lee Has the Largest Financial Interest of Any Competing Movant**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). The PSLRA does not prescribe a particular method of calculating the size of a movant's financial interest in the relief sought by the class. *See id.* § 78u-4(a)(3)(B)(iii)(I)(bb). However, courts in the Second Circuit, including this District, routinely assess the financial interest of lead plaintiff movants by examining the four *Lax* factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Olsten*, 3 F. Supp. 2d at 295 (assessing financial interest with reference to the four *Lax* factors); *accord Comverse*, 2007 WL 680779, at

4

*6-8 (same).[3] Of the *Lax* factors, courts in the Second Circuit, including this District specifically, recognize that the amount of financial loss is the most significant factor to be considered. *See Gentiva*, 281 F.R.D. at 112 ("[M]ost courts 'place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.'" (quoting *Baughman*, 250 F.R.D. at 125-26)); *Chahal*, 2018 WL 3093965, at *1 ("Courts generally find the fourth factor [*i.e.*, loss] to be the most compelling."); *Foley*, 272 F.R.D. at 128 ("Although courts have differed on how much weight to assign to each of the *Lax* factors, we, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant.").

Under the foregoing analysis, no competing movant seeking appointment as lead plaintiff in this Action has a larger financial interest than Lee. As the chart at p. 2 reflects, Lee incurred a loss of $170,200 as a result of the fraud alleged in this Action. *See* Dkt. No. 18-4. Lee's loss is more than ***twice*** as large as the ***combined*** losses incurred by both Trautmann and Doyle ($78,266), the only competing movants. Indeed, Lee's loss is more than ***$100,000*** larger than Doyle's claimed loss ($68,814), the movant alleging the second-largest loss. Moreover, Lee leads the field of competing movants with respect to ***all*** *Lax* factors, not merely monetary loss. Lee purchased 109,702 BAT ADSs during the Class Period, expended $3,854,314 on these purchases, and retained 37,201 of her BAT ADSs at the end of the Class Period, far more than any competing movant or, indeed, all competing movants ***combined***. *See id.* Accordingly, ***every*** *Lax* factor demonstrates that Lee has the largest financial interest in this litigation.

---

[3] *See also Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

### B.  Lee Is Typical and Adequate Under Rule 23

In addition to possessing the greatest financial interest in the outcome of this litigation—and thus being the statutorily presumed "most adequate plaintiff" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb))—Lee has plainly made the requisite *prima facie* showing that she satisfies the typicality and adequacy requirements of Rule 23.  *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.  Indeed, "[a]t this initial stage of the litigation, 'a wide ranging analysis under Rule 23 is not appropriate . . . and should be left for consideration of a motion for class certification.'"  *Bosch v. Credit Suisse Grp. AG*, No. 22-CV-2477 (ENV), 2022 WL 4285377, at *4 (E.D.N.Y. Sept. 12, 2022) (quoting *Darish v. N. Dynasty Mins. Ltd.*, No. 20-CV-5917 (ENV), 2021 WL 1026567, at *6 (E.D.N.Y. Mar. 17, 2021)); *see also Kaplan*, 240 F.R.D. at 94 ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  The Court should only consider whether the movant with the largest financial interest has made this *prima facie* showing; a comparison of the relative adequacy of various movants is impermissible.  *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 174 (S.D.N.Y. 2010) ("The lead plaintiff determination does not depend on the court's judgment of which party would be the best lead plaintiff for the class, but rather which candidate fulfills the requirements of the PSLRA."); *Faris v. Longtop Fin. Techs. Ltd.*, No. 11 CIV. 3658 SAS, 2011 WL 4597553, at *4 (S.D.N.Y. Oct. 4, 2011) (same).  Lee readily passes muster.

First, Lee's claims in this Action satisfy the typicality requirement of Rule 23(a)(3) because her claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See Orion*, 2008 WL 2811358, at *5; *Janbay*, 272 F.R.D. at 120.  Lee, like other Class members, purchased BAT securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions that drove BAT's ADS price

downward.  Accordingly, Lee easily makes a *prima facie* showing of typicality under Rule 23.  *See Orion*, 2008 WL 2811358, at *5; *Janbay*, 272 F.R.D. at 120.

Second, Lee satisfies the adequacy requirement of Rule 23(a)(4) because her significant financial interest gives her a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, she is aware of no conflict between her interests and those of the Class, and, as discussed in greater detail below, she has selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at *2-3.  Lee also submitted with her initial motion papers a Declaration that provides detailed information about herself, including her age, city and state of residence, investment experience, and professional and educational background; and which likewise attests to, *inter alia*, her understanding of the significance of her motion and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, her communications with her counsel prior to the filing of her motion, including her participation in a call to discuss this Action and the Lead Plaintiff role, and her readiness to shoulder these responsibilities on behalf of the Class.  *See* Dkt. No. 18-7 ¶¶ 1-7, 9-11.  Lee's robust adequacy proffer exceeds the *prima facie* showing required at this juncture.

The fact that Lee filed two timely but separate motions for appointment as Lead Plaintiff has no bearing on her fitness to serve as Lead Plaintiff.  Indeed, courts in this Circuit have appointed movants as Lead Plaintiff under the PSLRA in exceedingly similar circumstances.  *See, e.g.*, *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536-37 (S.D.N.Y. 2015) (rejecting arguments against a lead plaintiff movant's adequacy where movant "admitted that he filed two competing applications [with two separate law firms] in the hopes that it would increase his chance of being appointed lead plaintiff," finding these arguments "a tempest in a teacup" and appointing

7

said movant lead plaintiff); *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 400 n.6 (S.D.N.Y. 2014) (rejecting argument that duplicative lead plaintiff motions "would bar [movant] from consideration" under the PSLRA and appointing said movant as lead plaintiff).

Here, prior to moving for appointment as Lead Plaintiff, Lee understood and desired that, if appointed Lead Plaintiff, she would be entrusted with the prosecution of this Action on behalf of the Class; that Pomerantz would file a motion seeking her appointment as Lead Plaintiff on behalf of the Class; that she would take an active role in the prosecution of this case and supervise counsel; and that she would evaluate the strengths of weaknesses of the case and prospects for resolution of this matter while directing counsel. *See* Dkt. No. 18-7 ¶¶ 1-7, 9-11. Although Lee "erroneously thought that signing up with two law firms would better secure and serve [her] application for appointment as Lead Plaintiff", after she was advised that "having two competing motions filed on [her] behalf by two different law firms could jeopardize [her] Lead Plaintiff Motion", she confirmed that she "still wanted to proceed with Pomerantz as [her] designated Lead Counsel" and promptly directed that her duplicative motion (Dkt. No. 12) be withdrawn. Lieberman Opp. Decl., Ex. A ¶¶ 5, 7. Like the lead plaintiff movant in *Khunt*, "[Lee] admits that [s]he made a mistake. [Sh]e rectified it. [Sh]e seems to care very much about obtaining relief in light of the substantial losses [s]he . . . suffered. H[er] interests are fully aligned with those of the class." 102 F. Supp. 3d at 537. Accordingly, although "[t]he competing movants [may] insinuate much from [Lee]'s mistake," this "show[s] nothing other than that [Lee] is an eager — if perhaps a little overeager — lead plaintiff" movant and, as in *Khunt*, the Court should appoint Lee as Lead Plaintiff. *Id.* at 537, 541.

Further, although Lee inadvertently failed to list all of her Class Period BAT transactions in her Certification filed in connection with her duplicative motion (*see* Dkt. No. 13-2 at *3), this,

too, does not render her an inadequate representative of her fellow Class members—most of whom, like her, are undoubtedly laypersons capable of making everyday mistakes. *See In re Spero Therapeutics, Inc. Sec. Litig.*, No. 22CV3125LDHRLM, 2022 WL 4329471, at *8 (E.D.N.Y. Sept. 19, 2022) ("The goal of the PSLRA was not to select individuals for lead plaintiff who make no mistakes[.]"); *Reitan*, 68 F. Supp. 3d at 399 (same); *Siegel v. Bos. Beer Co., Inc.*, No. 21-CV-7693 (VSB), 2021 WL 5909133, at *8 (S.D.N.Y. Dec. 14, 2021) (same).  Courts in this Circuit regularly discount such minor and inadvertent errors in evaluating motions for appointment as Lead Plaintiff under the PSLRA where, as here, the "mistakes do not prejudice any party to this litigation or the . . . other movant[s]" and "[n]or is there any evidence of bad faith or an intent to deceive." *Spero*, 2022 WL 4329471, at *9.  Indeed, "'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.'" *Khunt*, 102 F. Supp. 3d at 538-39 (quoting *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10–CV–00479, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011)); *see also Spero*, 2022 WL 4329471, at *8 (finding mistakes in movant's transactions listed in sworn Certification "are relatively minor" and "not the kind of errors that courts in th[e Second] Circuit typically view as demonstrating a movant's inadequacy to serve as lead plaintiff"); *Siegel*, 2021 WL 5909133, at *8 ("[Competing movant] Group argued that [movant]'s motion should be denied as inadequate because he listed incorrect dates for four transactions . . . . I am not troubled by the errors.").

Here, Lee obviously did not intend to deceive anyone with her submissions given that she "provided Pomerantz with all of [her] transactions in the . . . securities that are the subject of this Action, all of which are accurately reflected in the two accounts noted in the transaction history appended to" the Certification that she signed in connection with her motion filed by Pomerantz. Lieberman Opp. Decl., Ex. A ¶ 6; *see also* Dkt. No. 18-6 at *4-5.  Rather, Lee made a simple

mistake in connection with the duplicative motion filed on her behalf and, in her motion with Pomerantz, has accurately provided *all* of her trades that are the subject of this Action. Lieberman Opp. Decl., Ex. A ¶ 6.

Accordingly, for all the foregoing reasons, Lee has robustly demonstrated her satisfaction of the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

* * * *

Because Lee has the largest financial interest in the relief sought by the Class and otherwise satisfies the applicable requirements of Rule 23, she is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Lee to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that she is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

10

Here, Lee has selected and retained Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 18-8.  Thus, the Court may be assured that by approving Lee's selection of counsel, Pomerantz, to serve as Lead Counsel, the members of the Class will receive the best legal representation available.

## III.    THE COMPETING MOTIONS SHOULD BE DENIED

As discussed further in Section I.A., *supra*, no competing movant has alleged a larger financial interest in this litigation than Lee.  The only competing movants for appointment as Lead Plaintiff are Trautmann and Doyle, whose ***collective*** losses, funds expended, and number of shares purchased and retained during the Class Period are dwarfed by those claimed by Lee, as illustrated by the chart at p. 2.  Lee therefore dominates ***all four*** *Lax* factors.  Accordingly, neither Trautmann nor Doyle can claim the largest financial interest in this Action.  This fact alone mandates denial of their competing motions.

## CONCLUSION

For the foregoing reasons, Lee respectfully requests that the Court issue an Order: (1) appointing Lee as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  April 8, 2024                                    Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

11

Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Jean Lee and Proposed Lead Counsel for the Class*