UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

GARY DAVID, Individually and on Behalf of
All Others Similarly Situated,

                        Plaintiff,

      vs.

BRITISH AMERICAN TOBACCO P.L.C.,
JACK MARIE HENRY DAVID BOWLES,
TADEU MARROCO, and JAVED IQBAL,

                    Defendants.

---------------------------------------------------------------x

Civil Action No. 1:24-cv-00517-AMD-MMH

CLASS ACTION

BRETT A. DOYLE AND LOGIX LLC'S
REPLY IN FURTHER SUPPORT OF
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF

4858-9856-9914.v1

With every opportunity to demonstrate her adequacy, Jean Lee has done just the opposite. Ms. Lee's supplemental declaration, including her claim that she "erroneously thought that signing up with two law firms would better secure and serve my application for appointment as Lead Plaintiff," only confirms this fact.  ECF 24-2.  Instead, Ms. Lee's belated attempt to explain away her self-contradicting sworn statements between her two lead plaintiff motions simply confirms that Ms. Lee still has a complete **mis**understanding of the lead plaintiff appointment process. Ms. Lee's missteps at the earliest (and easiest) opportunity to introduce herself to the Court and the class means she cannot make a *prima facie* showing of adequacy under Rule 23 as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Court should "fulfill [its] "'gatekeeping function" in [this] class action litigation'" and deny Ms. Lee's motions.  *Schaffer v. Horizon Pharma Plc*, 2016 WL 3566238, at *1 (S.D.N.Y. June 27, 2016) (citation omitted).

While Ms. Lee states she simply "'made a mistake,'" her supplemental declaration raises significantly more questions than it answers.  ECF 24 at 8.  To name a few: How could Ms. Lee have sworn under oath that she was willing to serve as lead plaintiff (and have a comparable complaint filed on her behalf) weeks **before** engaging with a Pomerantz LLP attorney and presumably **before** she had any knowledge of a lead plaintiff's responsibilities under the PSLRA?[1] Did Pomerantz provide Ms. Lee a complaint before she executed the Certification representing that she "reviewed a Complaint against British American Tobacco"?  ECF No. 18-6 at 1.   How did she receive the Certification from Pomerantz without having spoken to an attorney from the firm before signing it?[2]  Similarly, why would she authorize Pomerantz to serve as proposed lead

---

[1]   Ms. Lee's supplemental declaration indicates she did not speak to an attorney from Pomerantz until March 7, but she signed her sworn Certification on February 13. *See* ECF 24-2 at ¶3.

[2]   When an interested investor visits the Pomerantz website to view information about a particular case, he or she is asked to sign under penalty of perjury a PSLRA certification, so it is likely Ms.

- 1 -

counsel without having spoken to an attorney at the firm?  Even after speaking to a Pomerantz

attorney and presumably having been briefed on the details of the lead plaintiff process, why did

she agree to submit a second motion with The Rosen Law Firm, P.A.?  After two rounds of

briefing, Ms. Lee still remains unable to offer an explanation why this Court should disregard what

common sense and other courts point to as being a clear red flag of inadequacy.[3]  *See Pardi v.

Tricida, Inc.*, 2021 WL 1381271, at *2 (N.D. Cal. Apr. 2, 2021); *McDermid v. Inovio Pharm., Inc.*,

467 F. Supp. 3d 270, 279-80 (E.D. Pa. 2020); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL

942273, at *4 (D. Ariz. Apr. 7, 2008); *Singer v. Nicor, Inc.*, 2002 WL 31356419, at *2 (N.D. Ill.

Oct. 17, 2002).

Similarly, Ms. Lee has failed to provide *any* explanation for the *combination* of mistakes

that needed to occur for Ms. Lee's out-the-gate errors, namely: (1) she provided incorrect trading

data to Rosen; *and* (2) she did not notice the incorrect trading data when she reviewed her Rosen

motion papers, even though she swore to its accuracy and completeness under penalty of perjury;

*and* (3) she did not notice anything wrong when reviewing the Pomerantz motion papers, including

the inconsistent trading data contained therein, the paradoxical representations regarding her

selection of lead counsel, or the fact that she had already just reviewed a nearly identical

---

Lee signed her Pomerantz Certification before even speaking to anyone at Pomerantz.  *See, e.g.*, https://pomlaw.com/join-action-form?company=LYFT (accessed April 15, 2024).  Indeed, Pomerantz's website does not appear to provide copies of complaints for cases which it invites putative class members to "Join an Action."

[3]    Ms. Lee's reliance on *Khunt v. Alibaba Group Holding Ltd.*, 102 F.Supp. 3d 523 (S.D.N.Y. 2015), and *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F.Supp. 3d 390 (S.D.N.Y. 2014), is misplaced.  In both of those cases, the lead plaintiff motions were filed on behalf of related but different movants, each seeking to be appointed lead plaintiff for itself.  In contrast, here, Ms. Lee filed two competing motions on behalf of the same movant, *i.e.*, herself, with two different law firms proposed as lead counsel and claiming two different financial interests.

4858-9856-9914.v1

application from another firm. "One of two things happened here: either [Ms. Lee] reviewed the loss charts and neglected to correct them despite errors that should have been obvious to [her] based on [her] own trading, or [she] didn't review the loss charts at all." *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at *5 (N.D. Ill. Jan. 28, 2020). "Under either scenario, [her] failure to discover these obvious errors independently warrants a determination that [Ms. Lee] will not be [an] adequate representative[] of the class." *Id.* (collecting cases); *see also Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("As have other courts in this District presented with similar sloppiness, this Court finds that Kaintz's careless errors weigh heavily against his appointment as lead plaintiff."). Ms. Lee has shown at every step thus far that she cannot be entrusted as a fiduciary to the class to "'act like a "real" client, carefully choosing counsel and monitoring counsel's performance.'" *Nayani v. LifeStance Health Grp., Inc.*, 641 F. Supp. 3d 57, 63 (S.D.N.Y. 2022) (citation omitted). Her motions should be denied.

In stark contrast to the inescapable conclusions that must be drawn from the events surrounding Ms. Lee's filing of two lead plaintiff motions in this Action, Mr. Doyle carefully and diligently came to the decision to seek appointment as lead plaintiff only ***after*** several phone calls and emails were exchanged with a Robbins Geller attorney. Indeed, Mr. Doyle first spoke with an attorney at Robbins Geller on February 12, 2024 and maintained contact thereafter via additional phone calls and emails, before deciding he wanted to move forward as lead plaintiff in this case – thus executing his PSLRA Certification nearly a month later on March 8, 2024. Accordingly, Mr. Doyle's decision to seek appointment as lead plaintiff was made fully informed, unlike Ms. Lee's. Recognizing that Mr. Doyle would adequately represent the class, Ms. Lee provided no proof to

4858-9856-9914.v1

the contrary.[4]  As such, Mr. Doyle's motion for appointment as lead plaintiff and approval of lead counsel should be granted.

Ms. Lee has proven herself unable to make a *prima facie* showing of adequacy.  There is no argument that Mr. Doyle will not adequately represent the class.  Thus, Ms. Lee's motions should be denied and Mr. Doyle's should be granted.

DATED:  May 1, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

---

[4]  Mr. Doyle would welcome the Court's invitation to appear (in person or otherwise) at a hearing to answer any questions the Court might have about his candidacy.

4858-9856-9914.v1